**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| **ERLANDE ALCIUS, Individually and as** <br> **Personal Representative of the Estate of** <br> **P.E.P. (deceased)** <br> **2709 Neman Ct.** <br> **Bowie, Maryland 20716** <br><br> and <br><br> **CARL PARKER, JR.** <br> **2709 Neman Ct.** <br> **Bowie, Maryland 20716** <br><br> Plaintiffs <br><br> v. <br><br> **UNITED STATES OF AMERICA** <br><br> Serve on: <br> **Department of the Navy** <br> **Office of the Judge Advocate General** <br> **Tort Claims Unit Norfolk** <br> **9620 Maryland Avenue, Suite 205** <br> **Norfolk, VA 23511-2949** <br><br> Defendant | Case No. |

## COMPLAINT

The Plaintiffs, Erlande Alcius, Individually and as Personal Representative of the Estate of P.E.P., and Carl Parker, Jr., by and through their attorneys, Michael J. Winkelman and McCarthy, Winkelman & Mester, LLP, hereby files this Statement of Claim against the Defendant The United States of America (hereafter referred to as the "Defendants"), and states as follows:

**VENUE & JURISDICTION**

1. Plaintiff asserts claims against these Defendants, individually and collectively, for medical injuries within the meaning of Md. Code Cts. & Jud. Proc. §3-2A-01 (2002). The amount in controversy exceeds the concurrent jurisdictional limit of the District Court of Maryland.

2. Venue is proper in the United States District Court for the District of Maryland, as the significant events, acts, and/or omissions giving rise to Plaintiff's claims and injuries substantially occurred in the State of Maryland and the at fault party is the United States of America.

**PARTIES**

3. Plaintiff, Erlande Alcius, is an adult citizen who currently resides in Prince George's County, Maryland and is the biological mother of P.E.P.

4. P.E.P. passed away on October 17, 2022. An estate has been opened and her mother, Plaintiff Erlande Alcius, has been appointed as the Personal Representative of her Estate by the Register of Wills for Prince George's County, Maryland.

5. Plaintiff, Carl Parker, Jr., is an adult citizen who currently resides in Prince George's County, Maryland and is the biological father of P.E.P.

6. Defendant The United States of America (hereinafter "U.S.A.") is a healthcare provider who administers medical care, including but not limited to obstetric treatment, at facilities including but not limited to Walter Reed National Military Medical Center (WRNMMC) located at 8901 Rockville Pike, Bethesda, MD 20889. Specifically with

relevance to this claim, Defendant U.S.A. provided services to Plaintiff in October 2022, including but not limited to prenatal monitoring and obstetric services.

7. This claim is instituted for the recovery of damages in excess of the concurrent jurisdiction of the district court.

8. Based on the claims set forth herein, venue is proper in the United States District Court for the District of Maryland, upon transfer from the Health Care Alternative Dispute Resolution Office.

## FACTS

9. In October 2022, Erlande Alcuis was pregnant with a child. She was receiving prenatal care at Walter Reed National Military Medical Center (WRNMMC). Ms. Alcuis presented to WRNMMC on October 12, 2022 complaining of cramping, vaginal discharge, and change in bowel habits for the past four days. According to the medical records, Mrs. Alcuis was seen by health care providers including Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch.

10. Ms. Alcuis relayed "sporadic cramping in her lower abdomen and pelvis that is infrequent and non-painful but uncomfortable." The medical record further notes she "presented to triage today because along with the cramping today, after using the restroom she also wiped away a small amount of brown discharge that she believes came from the vafin and was concerned so wanted to be evaluated." She also noted she felt the baby moving fine.

11. The health care providers performed a transabdominal ultrasound and fetal non-stress test. The fetal assessment demonstrated a fetal heart rate of 155, moderate variability and

absent accelerations/decelerations.   Transabdominal ultrasound showed cephalic presentation, adequate fluid, gross fetal movements and fetal cardiac activity.  Tocometer showed infrequent sporadic ctxs not felt by patient.

12. No pelvis exam was performed.  No vaginal exam was performed.  No transvaginal ultrasound was performed.  The medical records do not indicate Ms. Alcuis' fluids and/or discharge were checked and/or tested.

13. The health care providers diagnosed Ms. Alcuis as experiencing constipation and prescribed Miralax.  They noted in the medical records "no concern for preterm labor at this time."  She was discharged to home.

14. Several hours later, on the evening of October 12, 2022, Ms. Alcuis experienced contractions and delivered her daughter, P.E.P., on the steps inside her home at approximately 23 weeks gestation.  Emergency services were called and Ms. Alcuis and here daughter were taken to Anne Arundel Medical Center.

15. The medical records indicate she arrived after having given birth to a liveborn female at home.  Ms. Alcius' plancenta was in situ upon arrival, and she subsequently delivered the placenta while hospitalized.  Pathology revealed a placental abruption and acute chorioamnionitis.

16. The medical records state, in part, "mother is a 34 y/o African American female who delivered a viable female infant on 10/12/2022 via NSV delivery at home at 23w2d gestation" with Apgars notes by EMS to be "3" at 10 minutes.

17. The physicians at Anne Arundel Medical Center described the events as follows:

> Presented to ER by ambulance after vaginal delivery at home. Placenta still intact.  PNC with Walter Reed.  Started having ctxs,

        abdominal pain 4 days ago.  Brown spotting occurred prior to yesterday's OBV.  Pt states she was seen at Walter Reed and had a sono showing +FHT.  No vaginal exam was performed.  She was told she was having mild ctx but that was due to constipation.  Pt was advised to take Miralax which she did.

        Approximately 9pm she began having ctx q 5-10 min which she assumed was due to constipation.  She felt rectal pressure and attempted to have a BM on the commode with no results.  While trying to walk up her stairs she had a strong urge to push.  She squatted and delivered her daughter on the steps.  Her spouse was summoned from upstairs and EMS was called.

18. Unfortunately, the newborn died several days later, never being discharged from the hospital.  Ms. Alcuis was discharged two days after admission with instructions to follow up at Walter Reed.

19. The health care providers at WRNMMC knew or should have known that Ms. Alcuis was in preterm labor on October 12, 2022 and should have made arrangements for monitoring and/or hospital admission as well as further testing.  These actions were required by the standard of care.  More likely than not, if the health care providers followed the standard of care, both Ms. Alcuis and her daughter would not have suffered the injuries set forth above and contained in the medical records, including but not limited to death.

**COUNT I**
**Wrongful Death - Medical Negligence**
**Plaintiff Erlande Alcius, Individually**

20. Plaintiff Erlande Alcius incorporates by reference the preceding paragraphs as if set forth fully herein.

21. The Defendants, directly and through their actual and/or apparent agents, servant and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch, owed a duty to

      Erlande Alcius and her unborn child, P.E.P., to exercise that degree of care and skill that like Defendants would have exercised in meeting the standard of care applicable to each of them under the same or similar circumstances.

22.    The Defendants, directly and through their actual and/or apparent agents, servant and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch, failed to act as reasonably competent like health care providers would have acted under the same or similar circumstances, breached their duty, violated the applicable standard of care and were negligent in the following ways:

    a.    Failing to appreciate the Plaintiff's condition at the visit of October 12, 2022;

    b.    Inadequate evaluation of pre-term labor;

    c.    Failing to perform a transvaginal ultrasound;

    d.    Failing to admit Ms. Alcius to the hospital on October 12, 2022;

    e.    Failing to provide treatment, including but not limited to medications, on October 12, 2022, which would have stabilized Ms. Alcius and the unborn child;

    f.    Any other failures to be determined during discovery.

23.    Defendant The United States of America is vicariously liable for the acts and omissions of their actual and/or apparent agents, servants and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch.

24.    The above-referenced negligence of the Defendants, directly and through their actual and/or apparent agents, servant and/or employees, including but not limited to health care

providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch, and without any negligence by Erlande Alcius or any Plaintiff, proximately caused minor child P.E.P. to suffer an untimely death on October 17, 2022.

25. As a direct and proximate result of her death, her surviving mother lost her child prematurely and has suffered and will continue to suffer harms and losses, including but not limited to mental anguish, emotional pain and suffering loss of services, loss of society, loss of solatium, loss of consortium, companionship, comfort, attention, advice, direction, guidance and counsel and was otherwise injured (including pecuniary losses).

WHEREFORE, Plaintiffs, Erlande Alcius, Individually and as Personal Representative of the Estate of P.E.P., and Carl Parker, Jr., demand judgment against Defendants The United States of America, in the amount of three million dollars ($3,000,000.00).

## COUNT II
### Wrongful Death - Medical Negligence
### Plaintiff Carl Parker, Jr.

26. Plaintiff Carl Parker, Jr. incorporates by reference the preceding paragraphs as if set forth fully herein.

27. The Defendants, directly and through their actual and/or apparent agents, servant and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch, owed a duty to Carl Parker, Jr. and his unborn child, P.E.P., to exercise that degree of care and skill that like Defendants would have exercised in meeting the standard of care applicable to each of them under the same or similar circumstances.

28. The Defendants, directly and through their actual and/or apparent agents, servant and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch, failed to act as reasonably competent like health care providers would have acted under the same or similar circumstances, breached their duty, violated the applicable standard of care and were negligent in the following ways:

    a. Failing to appreciate the Plaintiff's condition at the visit of October 12, 2022;

    b. Inadequate evaluation of pre-term labor;

    c. Failing to perform a transvaginal ultrasound;

    d. Failing to admit Ms. Alcius to the hospital on October 12, 2022;

    e. Failing to provide treatment, including but not limited to medications, on October 12, 2022, which would have stabilized Ms. Alcius and the unborn child;

    f. Any other failures to be determined during discovery.

29. Defendant The United States of America is vicariously liable for the acts and omissions of their actual and/or apparent agents, servants and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch.

30. The above-referenced negligence of the Defendants, directly and through their actual and/or apparent agents, servant and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch, and without any negligence by Erlande Alcius or any Plaintiff, proximately caused minor child P.E.P. to suffer an untimely death on October 17, 2022.

31. As a direct and proximate result of her death, her surviving father lost his child prematurely and has suffered and will continue to suffer harms and losses, including but not limited to mental anguish, emotional pain and suffering loss of services, loss of society, loss of solatium, loss of consortium, companionship, comfort, attention, advice, direction, guidance and counsel and was otherwise injured (including pecuniary losses).

WHEREFORE, Plaintiffs, Erlande Alcius, Individually and as Personal Representative of the Estate of P.E.P., and Carl Parker, Jr., demand judgment against Defendants The United States of America, in the amount of three million dollars ($3,000,000.00).

### COUNT III
### Survival Action - Medical Negligence
### Plaintiff Erlande Alcius, as Personal Representative of the Estate of P.E.P.

32. Plaintiff Erlande Alcius, as Personal Representative of the Estate of P.E.P., incorporates by reference the preceding paragraphs as if set forth fully herein.

33. Plaintiff Erlande Alcius, as Personal Representative of the Estate of P.E.P., further alleges that, at all times relevant to the allegations herein, she and her unborn child had a health care provider-patient relationship with the Defendants and their actual and/or apparent agents, servants and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch.  Accordingly, Plaintiff alleges that the Defendants and their actual and/or apparent agents, servants and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch had a duty to provide Plaintiff with medical treatment consistent with the applicable standard of care under the same or similar circumstances.

34. Plaintiff Erlande Alcius, as Personal Representative of the Estate of P.E.P., further alleges that the Defendants and their actual and/or apparent agents, servants and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch, failed to utilize the degree of care and skill, which is expected of reasonably competent practitioners in the same field to which they belong, acting in the same or similar circumstances and as a result, minor child P.E.P. suffered serious life-threatening complications and sequelae, including conscious physical and emotional pain and suffering, and eventual death.

35. The negligent care and/or treatment by the Defendants and their actual and/or apparent agents, servants and/or employees included, but was not limited to, the following:

    a. Failing to appreciate the Plaintiff's condition at the visit of October 12, 2022;

    b. Inadequate evaluation of pre-term labor;

    c. Failing to perform a transvaginal ultrasound;

    d. Failing to admit Ms. Alcius to the hospital on October 12, 2022;

    e. Failing to provide treatment, including but not limited to medications, on October 12, 2022, which would have stabilized Ms. Alcius and the unborn child;

    f. Any other failures to be determined during discovery.

36. As a direct and proximate result of the negligence of the Defendants and their actual and/or apparent agents, servants and/or employees, including but not limited to health care providers Logan R. Eckhardt, CPT, Karen J. Sanchez, LCDR, Dr. Christine M. McEvoy, CPT and Lily Burch, P.E.P. experienced conscious pain and suffering from the

time of the negligence set forth above until the time of her death.  P.E.P.'s death was a direct and proximate cause of the negligence identified above.

WHEREFORE, Plaintiffs, Erlande Alcius, Individually and as Personal Representative of the Estate of P.E.P., and Carl Parker, Jr., demand judgment against Defendants The United States of America, in the amount of three million dollars ($3,000,000.00).

                        Respectfully submitted,

                        MCCARTHY, WINKELMAN & MESTER, LLP

By: _____
      Michael J. Winkelman, Bar No. 13815
      4300 Forbes Blvd, Suite 205
      Lanham, MD 20706
      301-262-7422 (telephone)
      301-262-0562 (fax)
      mwinkelman@mwmlawyers.com

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues raised herein.

_____
Michael J. Winkelman